IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALAMIN YUSSUF,

Plaintiff,

v.

THE MEET GROUP, INC.,

Defendant.

OPINION and ORDER

26-cv-303-jdp

---

Plaintiff Alamin Yussuf, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Yussuf alleges that he was harmed by defendant The Meet Group through its operation of a dating website that Yussuf used. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Yussuf's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Yussuf's current allegations do not state any claims for relief. But I will give him a chance to file an amended complaint.

ANALYSIS

Yussuf's allegations are brief and somewhat difficult to understand. He states that he used a dating website operated by defendant and that minors would "hack into profiles" on that site. Dkt. 1, at 3. I take him to be saying that he was robbed and blackmailed by a person

that he met on this website. He also states that he is incarcerated "as a result of crimes committed by defendant." Dkt. 1, at 1. A review of Wisconsin online court records shows that Yussuf was convicted of second-degree sexual assault of a child and possession of child pornography in Dane County Case No. 2019CF2958.

Yussuf states that he seeks relief under federal law, but it's unclear what possible federal-law claim he could proceed with given these allegations, He also suggests that defendant's actions were negligent, which is a state-law theory. It's possible that Yussuf means to say either that defendant's negligence (1) caused him to be robbed; or (2) caused him to be charged with and convicted of crimes. But he doesn't provide nearly enough detail about what defendant did or did not do that would support a negligence claim.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Stated another way, Yussuf must "present a story that holds together" under the relevant law. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028 (7th Cir. 2024).

Yussuf's complaint doesn't come close to meeting this standard. Therefore, I will dismiss his complaint. But I will give him a short time to submit an amended complaint fixing this problem. If Yussuf fails to submit an amended complaint by the deadline set below, I will dismiss the entire case. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011). I note further that if Yussuf means to say that he was not responsible for his crimes because of deception or defendant's failure to keep minors off its website, Yussuf should be aware that this court cannot enter a judgment implying the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477

2

(1994); *Patterson v. Evers*, No. 25-cv-41-wmc, 2025 WL 2105652, at *3 (W.D. Wis. July 28, 2025) (*Heck* bar applies to Wisconsin-law claims).

ORDER

IT IS ORDERED that:

1.  Plaintiff's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until June 10, 2026, to submit an amended complaint.

Entered May 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge